IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Heriberto Chavez; Evangelina Escarcega, as the legal representative of her son, Jose Escarcega; and Jorge Moreno,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Plan Benefit Services, Inc.; Fringe Insurance Benefits, Inc.; and Fringe Benefit Group,<br><br>　　　　　Defendants. | Case No. 1:17-cv-659-LY |

# PLAINTIFFS' SUPPLEMENTAL FILING REGARDING CONSTITUTIONAL AND STATUTORY STANDING

I.      **Standards for Constitutional Standing at Class Certification**

1.      "[T]he elements of Article III standing are constant throughout litigation: injury in fact, the injury's traceability to the defendant's conduct, and the potential for the requested relief to redress the injury." *In re Deepwater Horizon*, 739 F.3d 790, 799 (5th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[H]owever, the standard used to establish these three elements is not constant but becomes gradually stricter as the parties proceed through 'the successive stages of the litigation.'" *Id.*

2.      The Fifth Circuit has not resolved the specific standard of proof that applies to plaintiffs' Article III standing at the class certification stage, recognizing in *Deepwater Horizon* two standards applied by other circuits. 739 F.3d at 799-802; *see also Flecha v. Medicredit, Inc.*, 946 F.3d 762, 768 (5th Cir. 2020); *In re Deepwater Horizon III*, 785 F.3d 1003, 1019-20 (5th Cir. 2015). First, many circuits evaluate standing at class certification by reviewing only the proposed class representatives' individual standing. *Deepwater Horizon*, 739 F.3d at 800. Other circuits evaluate both the individual plaintiffs' standing and whether the class definition includes only individuals who have been harmed under the plaintiffs' theory. *Id.* at 801. In *Deepwater Horizon*, the Fifth Circuit declined to choose the applicable standard because the defendant's standing challenge failed both tests. *Id.* at 802-3. As discussed below, this case yields the same result.

3.      Under both standards, at class certification the court reviews whether the individual plaintiffs have properly alleged the elements of Article III standing. *Deepwater Horizon, id.* at 802-03; *see also Cole v. General Motors Corp.*, 484 F.3d 717 (5th Cir. 2007) (it is "sufficient for standing purposes that the plaintiffs seek recovery for an economic harm that they allege they have suffered"). And, if the court examines the class definition with respect to absent

class members, the court does not "scrutinize[e] or weigh[] any evidence of absent class members' standing or lack of standing during the Rule 23 stage." *Deepwater Horizon*, 739 F.3d at 801 (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263-64 (2d Cir. 2006)).

4. Finally, in cases with multiple plaintiffs, "every plaintiff need not have standing to assert every claim. The Court has jurisdiction over a claim if at least one plaintiff has standing to assert the claim." *Cruz v. Abbott*, 177 F. Supp. 3d 992, 1002 (W.D. Tex. 2016), *rev'd on other grounds*, 849 F.3d 594 (5th Cir. 2017).

## II.     Plaintiffs' Constitutional Standing

5. The Court has already held that the Plaintiffs – Heriberto Chavez, Jose Escarcega through Evangelina Escarcega, and Jorge Moreno — satisfactorily alleged Article III standing. *See Chavez v. Plan Benefit Services, Inc.*, 2018 WL 3016925, at *7-8 (W.D. Tex. 2018). Defendants contend evidence is needed to support standing now. Per *Deepwater Horizon*, in the Fifth Circuit, Plaintiffs' standing can be established through allegations at the Rule 23 stage. 739 F.3d at 803. Plaintiffs have met the allegations standard, and have also submitted evidence in support of class certification that supports their individual standing, as follows:

a. The three Plaintiffs each suffered an injury in fact because each participated in plans for which their money was held in trust by CERT or CPT, and Defendants took money from their CERT or CPT plan accounts as part of what Plaintiffs allege is an unlawful scheme, which resulted in Plaintiffs receiving less fringe benefits or wages than they should have. *See* First Amended Complaint (ECF No. 42, "FAC") ¶¶ 3, 10, 25, 32, 38; *see also Chavez*, 2018 WL 3016925, at *7-8 (holding that "deprivation of benefits due" is "a concrete and particularized injury"); *Boley v. Universal Health Servs., Inc.*, No. CV 20-2644, 2020 WL 6381395, at *6 (E.D. Pa. Oct. 30, 2020) (recognizing standing for claims that defendants breached their fiduciary duty

by charging excessive fees); *Jacobs v. Verizon Commc'ns, Inc.*, No. 16 CIV 1082 (PGG), 2020 WL 5796165, at *6 (S.D.N.Y. Sept. 29, 2020) ("Defendants do not, and could not credibly argue, that diminished returns are insufficient to assert standing."). Moreover, under applicable prevailing wage obligations, Plaintiffs were entitled to a minimum amount in wages or benefits contributions, and thus, as a matter of law, if there were lower fees charged to plans in the health trust, employers must put more of their fringe benefit dollars towards contributions to the retirement trust or wages (or vice versa). *See* 40 U.S.C. § 3141 et seq. (Davis Bacon Act); 41 U.S.C. § 6701 et seq. (Service Contract Act).; *see also* FAC ¶¶ 23, 29, 35; AR 63.

      b.      Plaintiffs' claims are traceable to Defendants' conduct of deducting the fees from their accounts held in the CERT and CPT trusts. *See* FAC ¶¶ 3, 10, 24, 30, 31, 36, 37.

      c.      Plaintiffs' claims are also redressable because restitution, surcharge, disgorgement of ill-gotten profits or a constructive trust can replace the fees taken from Plaintiffs' plan accounts and make them whole, as Judge Sparks previously recognized. *See* FAC ¶¶ 4, 108(f); Prayer for Relief; *Chavez*, 2018 WL 3016925, *8 (W.D. Tex. 2018); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 349 (5th Cir. 1989) (describing constructive trust remedy).

      d.      Evidence in the record in support of class certification also supports Plaintiffs' allegations of standing. Plaintiff Escarcega was a participant in both CPT and CERT through his employer plans. AR 33 ¶¶ 6-8; AR 68 ¶¶ 26-27. Plaintiff Moreno was a participant in both CPT and CERT through his employer plans. AR 35 ¶¶ 5-8; AR 68 ¶¶ 21-23. Plaintiff Chavez was a participant in CPT through his employer plan. AR 34 ¶ 4; AR 68 ¶ 17. Plaintiff Chavez also avers that had the challenged fees for CPT been lower, he would have received retirement contributions held in CERT per prevailing wage requirements. AR 34 ¶¶ 6-7; *supra* ¶ 5a. CERT

3

and CPT contained the monetary contributions for every participant in every plan in the Trusts, including these Plaintiffs. AR 2 (FBG 00285853), AR 3 (FBG 00947795, 96, 97); AR 55 at 3, 15; AR 56 at 2. Defendants compensated themselves via the fees at issue in this litigation by paying themselves out of the money held in trust for every participant, including these Plaintiffs. AR 2 (FBG 00285853, 55-56); AR 3 (FBG 00947796, 800-01); AR 1 (West 50:4-20; 53:2-12, 64:9-17); AR 55; AR 56.

6. Defendants challenge *only* the standing of the named Plaintiffs, and do not raise any arguments or challenge to the standing of absent class members. Even if the Fifth Circuit were ultimately to direct the courts to apply the *Denney* standard discussed in *Deepwater Horizon* at the Rule 23 stage, the class definition in this case includes only those individuals who are alleged to be injured by the Defendants' conduct. *See* FAC ¶ 106 (seeking certification of the following class: "All participants in and beneficiaries [of] employee benefit plans that provide benefits through CPT and CERT, other than officers and directors of the Defendants and their immediate family members, from six years before the filing of this action until the time of trial."). The class proposed by Plaintiffs includes only those individuals who actually participated in CPT and CERT, and Plaintiffs have alleged that Defendants paid themselves from the trust contributions of every participant. AR 2 (FBG 00285853, 55-56); AR 3 (FBG 00947796, 800-801); AR 1 (West 50:4-20; 53:2-12, 64:9-17).

### III. Plaintiffs' Statutory Standing

7. Defendants also challenge Plaintiffs' statutory standing, which is not a jurisdictional issue the Court is required to resolve. *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008) ("This question of whether or not a particular cause of action authorizes an injured plaintiff to sue is a merits question, affecting statutory standing, not

4

a jurisdictional question, affecting constitutional standing."). The Court previously rejected the argument that Plaintiffs lacked statutory standing at the motion to dismiss stage, and there is no reason to revisit that argument here. *Chavez*, 2018 WL 3016925, *6-*7 & n.7 (noting 12(b)(6) is the vehicle for evaluating a motion to dismiss for lack of statutory standing).

8.  Plaintiffs are each former participants in the TRDI Health and Welfare Plan, and therefore contributions for their health benefits were held in CPT. *See supra* ¶ 5d; AR 55 at 15. FBG 00917443. Under ERISA, a former participant has standing to pursue claims that they "did not receive everything that was due to [them] under the [p]lan." *Vaughn v. Bay Env. Mgt., Inc.*, 567 F.3d 1021, 1026 (9th Cir. 2006); *Sommers*, 883 F.2d at 350; *see also Pfahler v. Nat'l Latex Products Co.*, 517 F.3d 816, 827 (6th Cir. 2007) (upholding right to sue for losses caused to defunct welfare benefits plan).

9.  Plaintiffs Escarcega and Moreno were participants in the TRDI retirement plan, and therefore their contributions were held in CERT. *See supra* ¶ 5d. Plaintiff Chavez did not participate in the TRDI retirement plan while Defendants were administering it, but he avers that "[i]f the fees paid to the Defendants [for welfare benefits] were lower, I would have had money contributed to my retirement plan." AR 34 ¶ 6. Evidence in the record supports Mr. Chavez, because prevailing wage requirements mean he would have received more in wages or benefits. *Supra* ¶ 5a. And, the Contractors Plan run by Defendants sought to encourage plans to "allocate the entire fringe portion and maximize savings," i.e., contribute the required fringe benefit portion of prevailing wage to benefits plans rather than wages. AR 63 at FBG 00957411.

Dated: February 24, 2021        Respectfully submitted,

                        By:    */s/ Catha Worthman*

5

Catha Worthman*
Nina Wasow*
FEINBERG, JACKSON, WORTHMAN &
WASOW, LLP
2030 Addison Street, Suite 500
Berkeley, California 94704
Telephone: (510) 269-7998
Facsimile: (510) 269-7994
nina@feinbergjackson.com
catha@feinbergjackson.com

Danielle Leonard*
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
dleonard@altshulerberzon.com

Richard Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

*Attorneys for Plaintiffs*

*Admitted Pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2021, I served a copy of Plaintiffs' Supplemental Filing Regarding Constitutional and Statutory Standing via the CM/ECF system on the following:

Matt Dow
Jonathan Neerman
JACKSON WALKER LLP
100 Congress Avenue, Suite 1100
Austin, TX 78701
mdow@jw.com
jneerman@jw.com

Al Holifield
HOLIFIELD, JANICH FERRERA PLLC
700 12TH NW, Suite 700
Washington, DC 20005
aholifield@holifieldlaw.com

*/s/ Catha Worthman*